## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT



23cv302

| | | |
|---|---|---|
| KWAME NKRUMAH | ) | |
| | ) | CIVIL ACTION |
| SHANNON NKRUMAH | ) | |
| | ) | VERIFIED COMPLAINT |
| LULA WOODSON | ) | |
| | ) | |
| CAROYLYN WOODSON | ) | |
| | ) | |
| CHERYL NOLDON | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS 5 | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1 | ) | |
| STATE OF CONNECTICUT | ) | |
| In their official capacity | ) | |
| | ) | JURY CLAIM AS TO |
| 2 | ) | |
| CITY OF NEW HAVEN | ) | ALL COUNTS |
| In their official capacity | ) | |
| | ) | March 6, 2023 |
| 3 | ) | |
| NEW HAVEN POLICE DEPARTMENT | ) | |
| In their official capacity | ) | |

4                                          )

FORMER POLICE CHIEF JAMES M. LEWIS         )

NEW HAVEN POLICE DEPARTMENT                )

In his official and individual capacities  )

                                           )

5                                          )

NEW HAVEN CHIEF OF POLICE KARL JACOBSON     )

In his official and individual capacities  )

                                           )

6                                          )

CHIEF STATE'S ATTORNEY OF CONNECTICUT FORMER )

KEVIN KANE                                 )

In his official and individual capacities  )

                                           )

7                                          )

CHIEF STATE'S ATTORNEY OF CONNECTICUT FORMER )

RICHARD COLANGELO                          )

In his official and individual capacities  )

                                           )

8                                          )

CHIEF STATE'S ATTORNEY OF CONNECTICUT       )

PATRICK J. GRIFFIN                         )

In his official and individual capacities  )

                                           )

9                                          )

JUDITH ROTHSCHILD DICINE, SUPERVISORY       )

ASSISTANT STATE'S ATTORNEY FOR HOUSING      )

MATTERS                                    )

In her official and individual capacities  )

10         )

SENIOR ASSISTANT STATE'S ATTORNEY )

PATRICE PALUMBO )

In her official and individual capacities )

 )

11         )

CITY OF NEW HAVEN MAYOR JUSTIN ELICKER )

In his official and individual capacities )

 )

12         )

CITY OF NEW HAVEN FORMER MAYOR TONI HARP )

In her official and individual capacities )

 )

13         )

CITY OF NEW HAVEN FORMER MAYOR )

JOHN DESTEFANO, JR. )

In his official and individual capacities )

 )

14         )

LIVABLE CITY INITIATIVE DEPUTY DIRECTOR FOR )

HOUSING CODE ENFORCEMENT RAFAEL RAMOS )

In his official and individual capacities )

 )

15         )

LIEUTENANT ROBERT MATURO )

NEW HAVEN POLICE DEPARTMENT )

In his official and individual capacities )

 )

16         )

OFFICER MENDEZ )

NEW HAVEN POLICE DEPARTMENT )

In his official and individual capacities )

17                                          )

OFFICER M. KOVAL                            )

NEW HAVEN POLICE DEPARTMENT                 )

In his official and individual capacities   )

                                            )

18                                          )

OFFICER S. RODRIGUEZ                        )

NEW HAVEN POLICE DEPARTMENT                 )

In his official and individual capacities   )

                                            )

19                                          )

OFFICER BERRIOS                             )

NEW HAVEN POLICE DEPLARTMENT                )

In his official and individual capacities   )

                                            )

20                                          )

LIEUTENANT STREETO                          )

NEW HAVEN POLICE DEPARTMENT                 )

In his official and individual capacities   )

                                            )

21                                          )

FORMER ASSISTANT POLICE CHIEF DENISE BLANCHARD )

NEW HAVEN POLICE DEPARTMENT                 )

In her official and individual capacities   )

                                            )

22                                          )

FORMER CAPTAIN JOANN PETERSON               )

NEW HAVEN POLICE DEPARTMENT                 )

In her official and individual capacities   )

23                                                )

INSURANCE COMPANY JOHN DOE                        )

To be named later                                 )

In his official and individual capacities         )

                                                  )

24                                                )

INSURANCE ATTORNEY CARL M. PORTO, II              )

In his official and individual capacities         )

                                                  )

25                                                )

ATTORNEY CARL M. PORTO, II                        )

PARRETT PORTO PARESE & COLWELL P.C.               )

In his official and individual capacities         )

                                                  )

26                                                )

ATTORNEY CHRISTINE J. CIOCIOLA                    )

In her official and individual capacities         )

                                                  )

27                                                )

FORMER CITY/TOWN CLERK RONALD SMITH               )

In his official and individual capacities         )

                                                  )

28                                                )

FORMER HEAD OF NEW HAVEN'S ANTI-BLIGHT            )

AGENCY, ERIK JOHNSON                              )

In his official and individual capacities         )

                                                  )

29                                                )

FORMER BUILDING OFFICIAL EXECUTIVE DIRECTOR       )

ANDREW J. RIZZO, JR.                              )

In his official and individual capacities         )

30

FORMER FIRE MARSHALL JOSEPH CAPPUCCI                              )

In his official and individual capacities                        )

                                                                 )

31                                                               )

FORMER DEPUTY DIRECTOR CITY OF NEW HAVEN                          )

GARY HOGAN                                                       )

In his official and individual capacities                        )

                                                                 )

32                                                               )

FORMER ALDERWOMAN ELIZABETH MCCORMACK                             )

    in her official and individual capacities                   )

                                                                 )

33                                                               )

CAROL A. ENSCORI                                                 )

In her official and individual capacities                        )

                                                                 )

34                                                               )

LIVABLE CITY INITIATIVE DEPUTY DIRECTOR                           )

AND DEPUTY DIRECTOR OF PROPERTY AND                               )

NEIGHBORHOOD SERVICES FRANK D'AMORE, JR                           )

In his official and individual capacities                        )

                                                                 )

35                                                               )

HOUSING INSPECTOR NICHOLAS CAPRIO                                 )

ASSESSORS OFFICE                                                 )

In his official and individual capacities                        )

                                                                 )

36                                                               )

LIVABLE CITY INITIATIVE ZONING ENFORCEMENT                        )

OFFICER DEPUTIZED UNDER BOTH LCI AND THE                          )

BUILDING DEPARTMENT LINDA DAVIS-CANNON                            )

In his official and individual capacities                        )

|  |  |
|---|---|
| 37 | ) |
| BUILDING OFFICIAL JIM TURCIO | ) |
| In his official and individual capacities | ) |
|  | ) |
| 38 | ) |
| ATTORNEY FRANK B. VELARDI, JR., | ) |
| CLIENT GENOVIA POPE | ) |
| In his official and individual capacities | ) |
|  | ) |
| 39 | ) |
| PROJECT COORDINATOR CITY OF NEW HAVEN | ) |
| FINANCE TAX OFFICE THOMAS WHITE | ) |
| In his official and individual capacities | ) |
|  | ) |
| 40 | ) |
| FORMER LIVABLE CITY INITIATIVE ACTING | ) |
| EXECUTIVE DIRECTOR A. WALTER ESDAILE | ) |
| In his official and individual capacities | ) |
|  | ) |
| 41 | ) |
| FORMER SENIOR ASSISTANT CORPORATION | ) |
| COUNSEL JAMES S. DEL VISCO | ) |
| In his official and individual capacities | ) |
|  | ) |
| 42 | ) |
| CITY OF NEW HAVEN EMPLOYEE DEBRA BEARD | ) |
| In her official and individual capacities | ) |
|  | ) |
| 43 | ) |
| ASSISTANT BUILDING INSPECTOR ROBERT WALSH | ) |
| In his official and individual capacities | ) |

|  |  |
|---|---|
| 44 | ) |
| TAJ REAL ESTATE, LLC MICHAEL JOHNSON | ) |
| In his official and individual capacities | ) |
|  | ) |
| 45 | ) |
| OUIDA V. NELSON-JOHNSON | ) |
| In her official and individual capacities | ) |
|  | ) |
| 46 | ) |
| AGENT ATTORNEY SANDRA G. HUGGINS | ) |
| In her official and individual capacities | ) |
|  | ) |
| 47 | ) |
| ATTORNEY LURETHA MCCLENDON | ) |
| In her official and individual capacities | ) |
|  | ) |
| 48 | ) |
| RICHRACH PROPERTIES-HOBART ST LLC | ) |
| In his official and individual capacities | ) |
|  | ) |
| 49 | ) |
| ATTORNEY IKECHUKWU UMEUGO | ) |
| UMEUGO & ASSOCIATES PC | ) |
| In their official and individual capacities | ) |
|  | ) |
| 50 | ) |
| ATTORNEY CECRYSTAL O. UMEUGO | ) |
| UMEUGO & ASSOCIATES PC | ) |
| In their official and individual capacities | ) |

51                                                    )

ATTORNEY IKE C. UMEUGO                                )

UMEUGO & ASSOCIATES PC                                )

In their official and individual capacities          )

                                                      )

52                                                    )

ATTORNEY LAWRENCE A. LEVINSON                         )

LAW OFFICES OF LAWRENCE A. LEVINSON                   )

In his official and individual capacities            )

                                                      )

53                                                    )

RBC DE2 LLC                                           )

In their official and individual capacities          )

                                                      )

54                                                    )

RBC DE LLC                                            )

In their official and individual capacities          )

                                                      )

55                                                    )

REICHMAN BRODIE REAL ESTATE*                          )

In their official and individual capacities          )

                                                      )

56                                                    )

FARREN MOISHE LLC                                     )

In their official and individual capacities          )

                                                      )

57                                                    )

REICHMAN BRODIE REAL ESTATE LLC                       )

In their official and individual capacities          )

|                                                      |     |
|------------------------------------------------------|-----|
| 58                                                   | )   |
| PHOENIX INVESTOR ADVISORS LLC-1                       | )   |
| In their official and individual capacities          | )   |
|                                                      | )   |
| 59                                                   | )   |
| ALLEN MCCOLLUM                                        | )   |
| In his official and individual capacities            | )   |
|                                                      | )   |
| 60                                                   | )   |
| KATHY MCCOLLUM                                        | )   |
| In her official and individual capacities            | )   |
|                                                      | )   |
| 61                                                   | )   |
| PHOENIX INVESTOR ADVISORS LLC-2                       | )   |
| In their official and individual capacities          | )   |
|                                                      | )   |
| 62                                                   | )   |
| PHOENIX INVESTOR ADVISORS LLC-3                       | )   |
| In their official and individual capacities          | )   |
|                                                      | )   |
| 63                                                   | )   |
| CELE OKORO                                            | )   |
| In his official and individual capacities            | )   |
|                                                      | )   |
| 64                                                   | )   |
| CELE OKORO AND KATE OKORO                             | )   |
| In their official and individual capacities          | )   |
|                                                      | )   |
| 65                                                   | )   |
| KATE OKORO                                            | )   |
| In her official and individual capacities            | )   |

<table>
<tr><td>66</td><td>)</td></tr>
<tr><td>HSBC BANK USA, N.A., AS INDENTURE TRUSTEE</td><td>)</td></tr>
<tr><td>FOR THE REGISTERED NOTE-HOLDERS OF</td><td>)</td></tr>
<tr><td>RENAISSANCE HOME EQUITY LOAN TRUST 2007-1</td><td>)</td></tr>
<tr><td>In their official and individual capacities</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>67</td><td>)</td></tr>
<tr><td>MICHELLE L. HUMMER</td><td>)</td></tr>
<tr><td>O'CONNELL, FLAHERTY & ATTMORE, LLC</td><td>)</td></tr>
<tr><td>In their official and individual capacities</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>68</td><td>)</td></tr>
<tr><td>BROCK & SCOTT PLLC ACQUIRES DEFAULT PRACTICE</td><td>)</td></tr>
<tr><td>SHECHTMAN, HALPERIN, SAVAGE & ATTORNEY</td><td>)</td></tr>
<tr><td>SHAWN M. MASTERSON, LLP</td><td>)</td></tr>
<tr><td>In their official and individual capacities</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>69</td><td>)</td></tr>
<tr><td>CHRISTINA CARTER</td><td>)</td></tr>
<tr><td>ACCOUNT MANAGEMENT, MANAGER OF</td><td>)</td></tr>
<tr><td>OCWEN LOAN SERVICING, LLC</td><td>)</td></tr>
<tr><td>ATTORNEY-IN-FACT FOR HSBC BANK USA,</td><td>)</td></tr>
<tr><td>NATIONAL ASSOCIATION AS INDENTURE TRUSTEE</td><td>)</td></tr>
<tr><td>In her official and individual capacities</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>70</td><td>)</td></tr>
<tr><td>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,</td><td>)</td></tr>
<tr><td>INC. ACTING SOLELY AS NOMINEE FOR DELTA</td><td>)</td></tr>
<tr><td>FUNDING CORPORATION</td><td>)</td></tr>
<tr><td>In their official and individual capacities</td><td>)</td></tr>
</table>

71                                                    )
HSBC BANK USA, NATIONAL ASSOCIATION AS                )
INDENTURE TRUSTEE, BY AND THROUGH ITS                 )
ATTORNEY-IN-FACT OCWEN LOAN SERVICING, LLC            )
In their official and individual capacities           )
                                                      )
72                                                    )
AURORA LOAN SERVICES, LLC                             )
LEANNE M. LARSON, ESQ.                                )
LAW & LARSON                                          )
In their official and individual capacities           )
                                                      )
73                                                    )
LITTON LOAN SERVICING LP, AS MORTGAGE SERVICER        )
FOR THE CURRENT NOTE HOLDER, TO MORTGAGE              )
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE      )
FOR PEOPLE'S CHOICE HOME LOAN, INC.                   )
In their official and individual capacities           )
                                                      )
74                                                    )
HSBC BANK USA, NATIONAL ASSOCIATION, AS               )
INDENTURE TRUSTEE FOR THE BENEFIT OF                  )
PEOPLE'S CHOICE HOME LOAN SECURITIES                  )
TRUST SERIES 2005-4                                   )
FORMER CITY OF NEW HAVEN CORPORATION                  )
COUNSEL ATTORNEY CARL M. PORTO, II                    )
In their official and individual capacities           )
                                                      )
75                                                    )
CITY/TOWN CLERK MICHAEL B. SMART                      )
In his official and individual capacities             )

76                                              )
BOARD OF ALDERS                                 )
FORMER PRESIDENT CARL GOLDFIELD                 )
In his official and individual capacities       )
                                                )
77                                              )
FORMER BOARD OF ALDERS DOLORES COLON            )
In her official and individual capacities       )
                                                )
78                                              )
ATTORNEY STEVEN R. ROLNICK                      )
ROLNICK & REGER                                 )
In his official and individual capacities       )
                                                )
79                                              )
ATTORNEY BENJAMIN CONNER                        )
In his official and individual capacities       )
                                                )
80                                              )
RICARDO CRUZ-MARTINEZ                           )
In his official and individual capacities       )
                                                )
81                                              )
FERDINAND S. ESCOFFERY                          )
In his official and individual capacities       )
                                                )
82                                              )
NATIONAL CONSTRUCTION LLC                       )
In their official and individual capacities     )

83                                              )
ATTORNEY ERIC HERMAN OPIN                       )
(COUNSEL FOR DEFENDANT SOUTH CENTRAL            )
CONNECTICUT REGIONAL WATER AUTHORITY)           )
In his official and individual capacities       )
                                                )
84                                              )
ATTORNEY MURTHA CULLINA LLP                     )
(COUNSEL FOR DEFENDANT GREATER NEW              )
HAVEN WPCA)                                     )
In her official and individual capacities       )
                                                )
85                                              )
INTERIM DEPUTY DIRECTOR HOUSING CODE            )
DIVISION, LIVABLE CITY INITIATIVE MARK WILSON   )
In his official and individual capacities       )
                                                )
86                                              )
INSPECTOR NICOLE MINERVINI LIVABLE CITY         )
INITIATIVE                                      )
In her official and individual capacities       )
                                                )
87                                              )
UI SUPERVISOR REVENUE PROTECTION                )
DEPARTMENT DAVID WHIDDEN                        )
In his official and individual capacities       )
                                                )
88                                              )
FORMER POLICE CHIEF FRANK LIMON                 )
NEW HAVEN POLICE DEPARTMENT                     )
In his official and individual capacities       )

89    )
FORMER POLICE CHIEF DEAN ESSERMAN    )
NEW HAVEN POLICE DEPARTMENT    )
In his official and individual capacities    )
    )
90    )
FORMER NEW HAVEN CHIEF OF POLICE    )
ANTHONY CAMPBELL    )
In his official and individual capacities    )
    )
91    )
FORMER POLICE CHIEF OTONIEL REYES    )
NEW HAVEN POLICE DEPARTMENT    )
In his official and individual capacities    )
    )
92    )
ATTORNEY ROBERT M. SINGER    )
LAW OFFICES OF ROBERT M. SINGER, LLC    )
in his official and individual capacities    )
    )
93    )
ROBERT E. ARTIS    )
In his official and individual capacities    )
    )
94    )
LCI DIRECTOR ARLEVIA SAMUEL    )
In her official and individual capacities    )
    )
95    )
FORMER LIVABLE CITY INITIATIVE EXECUTIVE    )
DIRECTOR SERENA NEAL-SANJURJO    )
In her official and individual capacities    )
    )

96                                          )
BOARD OF ALDERS                             )
PRESIDENT TYISHA WALKER-MYERS               )
In her official and individual capacities   )
                                            )

97                                          )
CORPORATION COUNCIL PATRICIA KING           )
In her official and individual capacities   )
                                            )

98                                          )
FORMER TERENCE A. ZEMETIS HONORABLE STATE JUDGE )
In his official and individual capacities   )
                                            )

99                                          )
JOHN ANTHONY CIRELLO HONORABLE STATE JUDGE  )
In his official and individual capacities   )
                                            )

100                                         )
STATE SUPERIOR COURT JUDGE WALTER SPADER JR. )
In his official and individual capacities   )
                                            )

101                                         )
JUDGE JAMES W. ABRAMS CAJ, AJ               )
NEW HAVEN SUPERIOR COURT                    )
In his official and individual capacities   )
                                            )

102                                         )
CHIEF JUDGE WILLIAM H. BRIGHT, JR. OF        )
THE CONNECTICUT APPELLATE COURT             )
In his official and individual capacities   )

103                                    )

CHIEF JUSTICE RICHARD A. ROBINSON      )

CONNECTICUT SUPREME COURT              )

In his official and individual capacities   )

                                       )

104                                    )

FORMER GOVERNOR OF CONNECTICUT M. JODI RELL   )

In her official and individual capacities   )

                                       )

105                                    )

FORMER GOVERNOR OF CONNECTICUT DANNEL MALLOY  )

In his official and individual capacities   )

                                       )

106                                    )

CONNECTICUT GOVERNOR NED LAMONT        )

In his official and individual capacities   )

                                       )

107                                    )

POLICE OFFICER JOHN DOE 1              )

In his official and individual capacities   )

                                       )

108                                    )

POLICE OFFICER JOHN DOE 2              )

In his official and individual capacities   )

                                       )

109                                    )

POLICE OFFICER JANE DOE 1              )

In her official and individual capacities   )

**PARTIES**

**PLAINTIFFS**

1. The Plaintiff, Kwame Nkrumah, is a natural person residing at 8 Oberlin Road, Hamden, Connecticut 06514.

2. The Plaintiff, Shannon Nkrumah, is a natural person residing at 8 Oberlin Road, Hamden, Connecticut 06514.

3. The Plaintiff, Lula Woodson, is a natural person residing at 8 Oberlin Road, Hamden, Connecticut 06514.

4. The Plaintiff, Carolyn Woodson, is a natural person residing at 435 Santa Monica, San Leandro, California 94579.

5. The Plaintiff, Cheryl Noldon, is a natural person residing at 435 Santa Monica, San Leandro, California 94579.

**DEFENDANTS**

1. The Defendant, State of Connecticut, is a state corporation organized under the laws of the State of Connecticut. It is responsible for State's Attorney procedures and practices implemented through its various agencies, agents, departments and employees for injury occasioned thereby, it was also the State employer of defendants CHIEF STATES ATTORNEY KEVIN KANE, CHIEF STATES ATTORNEY RICHARD COLANGELO, CHIEF STATES ATTORNEY PATRICK J. GRIFFIN, State's Attorney, Patrice Palumbo and supervisory State's Attorney Judith Dicine at all time relevant to this complaint.

2. The Defendant, City of New Haven, is a Municipal Corporation organized under the laws of the State of Connecticut. It is responsible for police procedures and practices implemented through its various agencies, agents, departments and employees and for injury occasional thereby, it was also the public employer of defendants Chief Lewis, Lt. Streeto, Officers Maturo, Koval, Berrios, Rodriguez, LCI Deputy Director for Housing Code Enforcement Ramos, John Doe 1, John Doe 2 and Jane Doe 3.

3. The Defendant, NHPD, is the law enforcement agency responsible for the City of New Haven, whose address is 1 Union Avenue, New Haven, Connecticut 06519.

4. The Defendant, Ned Lamont, is a natural person whose Office of the Governor address is State Capitol, 210 Capitol Avenue, Hartford, Connecticut 06106.  The aforesaid Ned Lamont was at the time of the events alleged in fra was and still is an elected Governor of the State of Connecticut.

5. The Defendant, Dannel Malloy, is a natural person whose Office of the Governor address is State Capitol, 210 Capitol Avenue, Hartford, Connecticut 06106.  The aforesaid Dannel Malloy was at the time of the events alleged in fra was an elected Governor of the State of Connecticut.

6. The Defendant, M. Jodi Rell, is a natural person whose Office of the Governor address is State Capitol, 210 Capitol Avenue, Hartford, Connecticut 06106.  The aforesaid M. Jodi Rell was at the time of the events alleged in fra was an elected Governor of the State of Connecticut.

7. The Defendant, Justin Elicker, is a natural person whose Office of the Mayor address is Connecticut Financial Center, 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Justin Elicker was at the time of the events alleged in fra was and still is an elected mayor of the City of New Haven.

8. The Defendant, Toni Harp, is a natural person whose Office of the Mayor address is Connecticut Financial Center, 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Toni Harp was at the time of the events alleged in fra was an elected mayor of the City of New Haven whose current address is 170 Conrad Drive, New Haven, Connecticut.

9. The Defendant, John DeStefano, Jr., is a natural person whose address was Connecticut Financial Center, 165 Church Street, New Haven, Connecticut 06510.  The aforesaid John DeStefano, Jr. was at the time of the events alleged in fra was an elected mayor of the City of New Haven whose current address is 150 Judwin Avenue, New Haven, Connecticut.

10. The Defendant, Arlevia Samuel, is a natural person whose business address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Arlevia Samuel was at the time of the events alleged in fra was and still is a LCI Director of the LCI department of the City of New Haven, Connecticut.

11. The Defendant, Erik Johnson, is a natural person whose business address is 2750 Dixwell Avenue, Hamden, Connecticut 06518.  The aforesaid Erik Johnson was at the time of the events alleged in fra was Former Head of New Haven's Anti-Blight Agency Executive Director LCI and now is Senior Director of Strategy, Policy and Innovation at the Housing Authority of New Haven (HANH).

12. The Defendant, David Whidden, is a natural person whose business address is 100 Marsh Hill Road, Orange, Connecticut 06477.  The aforesaid David Whidden was and still is at the time of the events alleged in fra was and still is Supervisor Revenue Protection Department for United Illuminating (UI), the UIL Holdings Corporation in Orange, Connecticut.

13. The Defendant, Andrew J. Rizzo, Jr., is a natural person Former Building Official Executive Director whose address is 487 Fort Hale Road, New Haven, Connecticut 06512.  The aforesaid Andrew J. Rizzo, Jr. was at the time of the events alleged in fra was Building Official Executive Director of the City of New Haven, Connecticut.

14. The Defendant, Joseph Cappucci, is a natural person whose address is 100 Center Road, Woodbridge, Connecticut 06525.  Who now works for the City of Woodbridge as the Fire Marshall.  The aforesaid Joseph Cappucci was at the time of the events alleged in fra was New Haven Fire Marshal of the City of New Haven, Connecticut.

15. The Defendant, Gary Hogan, is a natural person whose address is 360 Orange Street, #1, New Haven, Connecticut 06511.  Who now works for City of New Haven Housing Authority.  The aforesaid Gary Hogan was at the time of the events alleged in fra Neighborhood Services for the City of New Haven, Connecticut.

16. The Defendant, Elizabeth McCormack, is a natural person whose business address was 165 Church Street, 2nd floor, New Haven Connecticut, 06510. The aforesaid Elizabeth McCormack was at the time of the events alleged in fra was Alderwomen for the City of New Haven, Connecticut.

17. The Defendant, Carol A. Enscori, is a natural person and a mule and agent whose mailing address is 265 Lombard Street, New Haven, Connecticut 06513. The aforesaid Carol A. Enscori was at the time of the events alleged in fra was and still is a employee of the defendants.

18. The Defendant, Frank D'Amore, Jr., is a natural person whose business address is 165 Church Street, New Haven, Connecticut 06510. The aforesaid Frank D'Amore, Jr. was at the time of the events alleged in fra was and still is a LCI Deputy Director in the employ of the LCI department of the City of New Haven, Connecticut.

19. The Defendant, Nicholas Caprio, is a natural person whose business address is 165 Church Street, New Haven, Connecticut 06510. The aforesaid Nicholas Caprio was at the time of the events alleged in fra was and still is an Inspector in the employ of the Assessor's Office of the City of New Haven, Connecticut.

20. The Defendant, A. Walter Esdaile, is a natural person whose address is 551 Ellsworth Avenue, New Haven, Connecticut 06511. The aforesaid A. Walker Esdaile was at the time of the events alleged in fra was Acting Executive Director of the Livable City Initiative of the City of New Haven, Connecticut.

21. The Defendant, James S. Del Visco, is a natural person whose address is MUNICIPAL BUILDING, 550 Main Street, Hartford, Connecticut 06103 who now works for the city of Hartford's office of the corporation counsel. The aforesaid James. S. Del Visco was at the time of the events alleged in fra was Senior Assistant Corporation Counsel for the City of New Haven, Connecticut.

22. The Defendant, Debra Beard, is a natural person whose address is Catholic Charities of Fairfield County, 238 Jewett Avenue, Bridgeport Connecticut 06606 and Connecticut Financial Center, 165 Church

(4)

Street, #441, New Haven Connecticut 06510.  The aforesaid Debra Beard was at the time of the events alleged in fra was at the time an employee at the City of New Haven, Connecticut.

23. The Defendant, Robert Walsh, is a natural person whose address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Robert Walsh was at the time of the events alleged in fra was Assistant Building Inspector for the City of New Haven, Connecticut.

24. The Defendant, Serena Neal-Sanjuro, is a natural person whose business address is Connecticut Financial Center, 165 Church Street, #326, New Haven, Connecticut 06510.  The aforesaid Serena Neal-Sanjuro was at the time of the events alleged in fra was an Executive Director of the Livable City Initiative of the City of New Haven, Connecticut.

25. The Defendant, Rafael Ramos, is a natural person whose business address is 54 Meadow Street, 9th Floor, New Haven, Connecticut 06519.  The aforesaid Rafael Ramos was at the time of the events alleged in fra was a LCI Deputy Director for Housing Code Enforcement in the employ of the LCI department of the City of New Haven, Connecticut.

26. The Defendant, Linda Davis-Cannon, is a natural person whose business address is Connecticut Financial Center, 165 Church Street, #326, New Haven, Connecticut 06510.  The aforesaid Linda Davis-Cannon was at the time of the events alleged in fra was a Zoning Enforcement Officer Deputized under both LCI and the Building Department of the Livable City Initiative of the City of New Haven, Connecticut.

27. The Defendant, Jim Turcio, is a natural person whose business address is Connecticut Financial Center, 165 Church Street, #326, New Haven, Connecticut 06510.  The aforesaid Jim Turcio was at the time of the events alleged in fra was a Building Official for the City of New Haven, Connecticut.

28. The Defendant, Frank B. Velardi Jr., is a natural person whose address is 22 Conifer Drive, Branford, Connecticut 06405.  The aforesaid Frank B. Velardi, Jr. was at the time of the events alleged in fra Attorney of Lasala Walsh Wicklow & Velardi LLC.

(5)

29. The Defendant, Thomas White, is a natural person whose business address is 200 Orange Street, #1, New Haven, Connecticut 06510.  The aforesaid Thomas White was at the time of the events alleged in fra Project Coordinator City of New Haven Finance Tax Office.

30. The Defendant, Officer Mendez, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Officer Mendez was at the time of the events alleged in fra was and still is a sworn police officer in the employ of the Police Department of the City of New Haven.

31. The Defendant, Officer M. Koval, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Officer M. Koval was at the time of the events alleged in fra was and still is a sworn police officer in the employ of the Police Department of the City of New Haven.

32. The Defendant, Officer S. Rodriguez, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Officer S. Rodriguez was at the time of the events alleged in fra was and still is a sworn police officer in the employ of the Police Department of the City of New Haven.

33. The Defendant, Officer Berrios, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Officer S. Rodriguez was at the time of the events alleged in fra was and still is a sworn police officer in the employ of the Police Department of the City of New Haven.

34. The Defendant, Joseph Streeto, is a natural person whose business address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Joseph Streeto was at the time of the events alleged in fra was a sworn lieutenant police officer and retired on July 1, 2009 from the police department of the City of New Haven.

35. The Defendant, Denise Blanchard, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Denise Blanchard was at the time of the events alleged in fra was a Police Captain and is now a Former Assistant Police Chief for the City of New Haven.

(167)

36. The Defendant, Joann Peterson, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Former Joann Peterson was at the time of the events alleged in fra was a Police Captain for the City of New Haven.

37. The Defendant, James M. Lewis, is a natural person whose address was 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Former James M. Lewis was at the time of the events alleged in fra was a Police Chief for the City of New Haven.

38. The Defendant, Frank Limon, is a natural person whose address was 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Former Frank Limon was at the time of the events alleged in fra was a Police Chief for the City of New Haven.

39. The Defendant, Dean Esserman, is a natural person whose address was 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Former Dean Esserman was at the time of the events alleged in fra was a Police Chief for the City of New Haven.

40. The defendant Anthony Campbell, is a natural person whose address is Rose Center,101 Ashmun St, New Haven, CT 06511

41. The Defendant, Otoniel Reyes, is a natural person whose address was 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Otoniel Reyes was at the time of the events alleged in fra was a Police Chief for the City of New Haven

42. The Defendant, Karl R. Jacobson, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Karl Jacobson was at the time of the events alleged in fra was Police Chief for the City of New Haven.

43. The Defendant, Mark Wilson, is a natural person whose address is, Connecticut Financial Center, 165 Church Street, #326, New Haven, Connecticut 06510.  The aforesaid Mark Wilson was at the time of the events alleged in fra was Interim Deputy Director Housing Code Division of the Livable City Initiative of the City of New Haven, Connecticut.

(7)

44. The Defendant, Nicole Minervini, is a natural person whose address is Connecticut Financial Center, 165 Church Street, #326, New Haven, Connecticut 06510.  The aforesaid Nicole Minervini was at the time of the events alleged in fra was Inspector of the Livable City Initiative of the City of New Haven, Connecticut.

45. The Defendant, Ricardo Cruz-Martinez, is a natural person whose address is 151 Rosette Street, New Haven, Connecticut 06519.  The aforesaid Ricardo Cruz-Martinez was at the time of the events alleged in fra was a Straw Buyer.

46. The Defendant, Ferdinand S. Escoffery, is a natural person whose business address is 224 Falls Road, Bethany, Connecticut 06524.  The aforesaid Ferdinand S. Escoffery was at the time of the events alleged in fra a Straw Buyer.

47. The Defendant, National Construction LLC, is a Limited Liability Company whose address is 224 Falls Road, Bethany, Connecticut 06524.  The aforesaid National Construction LLC was at the time of the events alleged in fra was a Straw Buyer.

48. The Defendant, Michael Johnson, is a natural person whose address is 670 Dixwell Avenue, New Haven, Connecticut 06511.  The aforesaid Michal Johnson was at the time of the events alleged in fra a broker and owner of TAJ Real Estate, LLC.

49. The Defendant, Ouida V. Nelson-Johnson, is a natural person whose address is 63 Pleasant Drive, Hamden, Connecticut 06514.  The aforesaid Ouida V. Nelson-Johnson was at the time of the events alleged in fra wife who assisted husband Michael Johnson of TAJ Real Estate, LLC in creating fictitious short sale on the Real Estate MLS and shared the stolen proceeds of 109-111 Hobart Street.

50. The Defendant, Luretha McClendon, is a natural person whose address is 100 Plains Road, Milford, Connecticut 06461.  The aforesaid Luretha McClendon was at the time of the events alleged in fra was an Attorney who is employed now at Mario & Carter.

(8)

51. The Defendant, Carl M. Porto II-1, is a natural person whose address is One Hamden Center, 2319 #1D Whitney Avenue, Hamden, Connecticut 06518.  The aforesaid Carl M. Porto, II was at the time of the events alleged in fra an Insurance Attorney in Hamden, Connecticut.

52. The Defendant, Carl M. Porto II-2, is a natural person whose address is One Hamden Center, 2319 #1D Whitney Avenue, Hamden, Connecticut 06518.  The aforesaid Carl M. Porto, II was at the time of the events alleged in fra an Attorney of Parrett Porto Parese & Colwell.

53. The Defendant, HSBC Bank USA, National Association as Indenture Trustee, By and Through its Attorney-in-Fact Ocwen Loan Servicing, LLC, is a Limited Liability Company whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 or Financial Dimensions, Inc., 1400 Lebanon Church Road, Pittsburgh, PA 15236.  The aforesaid HSBC Bank USA, National Association as Indenture Trustee, By and Through its Attorney-in-Fact Ocwen Loan Servicing, LLC.

54. The Defendant, HSBC Bank USA, National Association, as Indenture Trustee for the Benefit of People's Choice Home Loan Securities Trust Series 2005-4, is a Limited Liability Company whose attorney's address is Brock & Scott acquires Default Practice Shechtman Halperin Savage Associate attorney Shawn M. Masterson, LLP, 310 Main Street, 2C, East Haven, Connecticut, 06512.  The aforesaid HSBC Bank USA, National Association, as Indenture Trustee for the Benefit of People's Choice Home Loan Securities Trust Series 2005-4.

55. The Defendant, Aurora Loan Services LLC Leanne M. Larson, Esq Law & Larson, is a Limited Liability Company whose address is P.O. Box 248, Portland, Connecticut, 06480.  The aforesaid Leanne M. Larson, Esq. was at the time of the events alleged in fra an Attorney of Law & Larson.

56. The Defendant, Brock & Scott PLLC acquires Default Practice Shechtman Halperin Savage Associate attorney Shawn M. Masterson LLP, is a corporation whose address is 310 Main Street, 2C, East Haven, Connecticut, 06512.  The aforesaid Shawn M. Masterson was at the time of the events alleged in fra and Attorney of Shechtman Halperin Savage, LLP.

$(9)$

57. The Defendant, Christina Carter, is a natural person whose address is 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. The aforesaid Christina Carter was at the time of the events alleged in fra an Account Management, Manager of Ocwen Loan Servicing, LLC Attorney-in Fact for HSBC Bank USA, National Association as Indenture Trustee.

58. The Defendant, Mortgage Electronic Registration Systems, Inc. Acting Solely as Nominee for Delta Funding Corporation, is a corporation whose address is 1901 E. Voorhees Street, Suite C, Danville, Illinois 61834, P.O. Box 2026, Flint, Michigan 48501-2026. The aforesaid Mortgage Electronic Registration Systems, Inc. was at the time of the events alleged in fra a Mortgage Electronic Registration Systems, Inc. Acting solely as Nominee for Delta Funding Corporation.

59. The Defendant, Phoenix Investor Advisors, LLC-1, is a corporation whose address is 420 Lexington Avenue, #2040, New York, New York, 10170. The aforesaid Phoenix Investor Advisors LLC was at the time of the events alleged in fra an Investor Advisors.

60. The Defendant, Allen McCollum, is a natural person whose address is 2250 Shepard Avenue, Hamden, Connecticut 06518. The aforesaid Allen McCollum was at the time of the events alleged in fra a Straw Buyer.

61. The Defendant, Kathy McCullum, is a natural person whose address is 2250 Shepard Avenue, Hamden, Connecticut 06518. The aforesaid Kathy McCollum was at the time of the events alleged in fra a Straw Buyer.

62. The Defendant, Phoenix Investor Advisors, LLC-2, is a corporation whose address is 420 Lexington Avenue, #2040, New York, New York, 10170. The aforesaid Phoenix Investor Advisors LLC was at the time of the events alleged in fra an Top Owners, Top Properties and Management.

63. The Defendant, Phoenix Investor Advisors, LLC-3, is a corporation whose address is 420 Lexington Avenue, #2040, New York, New York, 10170. The aforesaid Phoenix Investor Advisors LLC was at the time of the events alleged in fra an Finance and Insurance, Financial Activities, Securities.

(10)

64. The Defendant, Cele Okoro, is a natural person whose address is 126 Daniel Road, Hamden, Connecticut 06517.  The aforesaid Cele Okoro was at the time of the events alleged in fra a Straw Buyer.

65. The Defendant, Cele Okoro and Kate Okoro, are natural persons whose address is 126 Daniel Road, Hamden, Connecticut 06517.  The aforesaid Cele Okoro and Kate Okoro was at the time of the events alleged in fra Straw Buyers.

66. The Defendant, Kate Okoro, is a natural person whose address is 126 Daniel Road, Hamden, Connecticut 06517.  The aforesaid Kate Okoro was at the time of the events alleged in fra a Straw Buyer.

67. The Defendant, HSBC Bank USA, N.A., as Indenture Trustee for the Registered Note-Holders of Renaissance Home Equity Loan Trust 2007-1, is a corporation whose address is 704 Bridgeport Avenue, Shelton Connecticut 06484.

68. The Defendant, O'Connell, Flaherty & Attmore, L.L.C. Attorney Michelle L. Hummer, whose address is 280 Trumbull Street, Hartford, Connecticut 06103-3598.

69. The Defendant, Attorney Ikechukwu Umeugo, is a natural person whose address is 620 Boston Post Road, West Haven, Connecticut 06516.  The aforesaid Attorney Ikechukwu Umeugo was at the time of the events alleged in fra an Attorney of Umeugo & Associates PC.

70. The Defendant, Attorney Cecrystal O. Umeugo, is a natural person whose address is 620 Boston Post Road, West Haven, Connecticut 06516.  The aforesaid Attorney Cecrystal O. Umeugo was at the time of the events alleged in fra an Attorney of Umeugo & Associates PC.

71. The Defendant, Attorney Ike E. Umeugo, is a natural person whose address is 620 Boston Post Road, West Haven, Connecticut 06516.  The aforesaid Attorney Ike E. Umeugo was at the time of the events alleged in fra an Attorney of Umeugo & Associates PC.

72. The Defendant, Richrach Properties-Hobart ST LLC, whose address is 175 Montowese Avenue, Branford, Connecticut 06405.  The aforesaid Richrach Properties-Hobart ST LLC was at the time of the events in fra a Straw Buyer.

73. The Defendant, Robert M. Singer, is a natural person whose address is 2572 Whitney Avenue, Hamden, Connecticut 06518.  The aforesaid Robert M. Singer, was at the time of the events alleged in fra was and still is an Attorney at Law Offices of Robert M. Singer, LLC.

74. The Defendant, Robert E. Artis, is a natural person whose address is 106 Kensington Street, 2nd Floor, New Haven, Connecticut 06511.  The aforesaid Robert E. Artis, was at the time of the events alleged in fra was and still a self-employed home improvement contractor.

75. The Defendant, Michael B. Smart, is a natural person whose address is 200 Orange Street, New Haven, Connecticut 06510.  The aforesaid Michael B. Smart was at the time of the events alleged in fra was and still is an elected Town Clerk of the City of New Haven.

76. The Defendant, Ronald Smith, is a natural person whose address is 200 Orange Street, New Haven, Connecticut 06510.  The aforesaid Ron Smith was at the time of the events alleged in fra was an elected Town Clerk for the City of New Haven.

77. The Defendant, Christine J. Ciociola, is a natural person whose business address is 150 West Main Street, Branford, Connecticut 06405.  The aforesaid Christine J. Ciociola was at the time of the events alleged in fra was and still is an Attorney at Law Offices of Christine J. Ciociola.

78. The Defendant, Steven R. Rolnick, is a natural person whose business address is Shapiro & Epstein 2830 Whitney Avenue, Connecticut 06518.  The aforesaid Steven R. Rolnick was at the time of the events alleged in fra was an Attorney at Rolnick & Reger Hamden, Connecticut.

79. The Defendant, Benjamin Conner, is a natural person whose business address is 150 West Main Street, Branford, Connecticut 06405.  The aforesaid Benjamin Conner was at the time of the events alleged in fra was an Attorney at Law Offices of Christine J. Ciociola.

(12)

80. The Defendant, Tyisha Walker-Myers, is a natural person whose address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Tyisha Walker-Myers was at the time of the events alleged in fra was and still is an elected Board of Alders of the City of New Haven.

81. The Defendant, Carl Goldfield, is a natural person whose address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Goldstein was at the time of the events alleged in fra was and still is an elected Board of Alders of the City of New Haven.

82. The Defendant, Dolores Colon is a natural person whose address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Delores Colon was at the time of the events alleged in fra was an elected Board of Alders of the City of New Haven.

83. The Defendant, Patricia A. King, is a natural person whose address is 165 Church Street, New Haven, Connecticut 06510.  The aforesaid Patricia A. King, was at the time of the events alleged in fra was and still is an appointed City's Top Lawyer for the City of New Haven.

84. The Defendant, Eric Herman Opin, is a natural person whose address is 266 Greens End Pl H, Milford Connecticut 06460.  The aforesaid Eric Herman Opin was at the time of the events alleged in fra was and still is an Attorney at Eric H. Opin & Associates.

85. The Defendant, Murtha Cullina, is a natural person whose address is 265 Church Street, New Haven, Connecticut 06510.  The aforesaid Murtha Cullina was at the time of the events alleged in fra was and still is an Attorney at Murtha Cullina LLP.

86. The Defendant, Richard A. Robinson, is a natural person whose Connecticut Supreme Court address is 231 Capital Avenue, Hartford, Connecticut 06106.  The aforesaid Richard A. Robinson was at the time of the events alleged in fra was and still is a Chief Justice Richard A. Robinson.

87. The Defendant, William H. Bright, Jr., is a natural person whose Appellate Court address is 75 Elm Street, Hartford, Connecticut 06106.  The aforesaid William H. Bright, Jr. was at the time of the events alleged in fra was and still is Honorable Chief Judge William H. Bright, Jr.

(13)

88. The Defendant, Terence A. Zemetis, is a natural person whose Court address is 235 Church Street, New Haven, Connecticut 06510.  The aforesaid Former Honorable Judge Terence A. Zemetis was a New Haven Superior Court Judge.

89. The Defendant, John A. Cirello, is a natural person whose Court address is 121 Elm Street, New Haven, Connecticut 06510.  The aforesaid John A. Cirello was and still is a Judge at Superior Court in New Haven, Connecticut.

90. The Defendant William Spader is a natural person whose Court address is 121 Elm Street, New Haven, Connecticut 06510.  The aforesaid William Spader was and still is a Judge at Superior Court in New Haven, Connecticut.

91. The Defendant, Officer John Doe-1, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid John Doe was and still is a City of New Haven Police Officer.

92. The Defendant, Officer John Doe-2, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid John Doe was and still is a City of New Haven Police Officer.

93. The Defendant, Officer Jane Doe-3, is a natural person whose address is 1 Union Avenue, New Haven, Connecticut 06519.  The aforesaid Jane Doe was and still is a City of New Haven Police Officer.

94. The Defendant, RBC DE2 LLC, is a Limited Liability Company whose address is 8 Carter Lane, Monsey, New York, 10952.

95. The Defendant, RBC DE LLC, is a Limited Liability Company whose address is 8 Carter Lane, Monsey, New York, 10952.

96. The Defendant, Reichman Brodie Real Estate*, is a Limited Liability Company whose address is 8 Carter Lane, Monsey, New York, 10952.

97. The Defendant, Farren Moishe LLC, is a Limited Liability Company whose address is 8 Carter Lane, Monsey, New York 10952.



98. The Defendant, Reichman Brodie Real Estate LLC, is a Limited Liability Company whose address is 8 Carter Lane, Monsey, New York 10952.

99. The Defendant, Sandra G. Huggins, is a natural person whose address is 2647 Dixwell Avenue, Hamden, Connecticut 06517.  The aforesaid Sandra G. Huggins was at the time of the events alleged in fra was and still is an Attorney.

100.     The Defendant, Litton Loan Servicing LP, as Mortgage Servicer for the Current Note holder, to Mortgage Electronic Registration Systems, Inc. as Nominee for People's Choice Home Loan, Inc. is a LP and corporation

101.     The defendant Lawrence A. Levinson, is.a natural person whose address is 66 Anderson Street, New Haven, Connecticut 06511.  The aforesaid Lawrence A. Levinson was at the time of the events alleged infra was and still is an Attorney

102.     During all times mentioned in this Complaint, the defendant was the State of Connecticut.  They are sued in their official capacities.

103.     The defendant Kevin Kane is a natural person whose address is 300 Corporate Pl., Rocky Hill, Connecticut 06067.  The aforesaid Kevin Kane was at the time of the events alleged infra was a Chief's States Attorney.

104.     The defendant Richard Colangelo is a natural person whose address is 300 Corporate Pl., Rocky Hill, Connecticut 06067.  The aforesaid Richard Colangelo was at the time of the events alleged infra was a Chief's States Attorney.

105.     The defendant Patrick J. Griffin is a natural person whose address is 300 Corporate Pl., Rocky Hill, Connecticut 06067.  The aforesaid Patrick J. Griffin was at the time of the events alleged infra is a Chief's States Attorney.

KWAME NKRUMAH, SHANNON NKRUMAH, LULA WOODSON of Hamden Connecticut and CAROLYN

WOODSON AND CHERYL NOLDON OF San Leandro, California asserts the following claims against the

Defendants in the above titled action.

106.    Fourth Amendment Violation

107.    Fourteenth Amendment Violation

108.    Conversion

109.    Violation of 42 U.S.C. conspiracy

110.    Identity Theft

111.    Insurance Forgery and Fraud

112.    Warrant Deed forgery and fraud

113.    Quit claim Deed forgery and fraud

114.    Making false statements in his/her police report

115.    Theft

116.    Police Misconduct

117.    Police Cover-up

118.    Prosecutorial Misconduct

119.    Prosecutor Coverup

120.    Embezzlement

121.    Violation of 42 U.S.C. 1983 detention and confinement

122.    CREDIT Report Destroyed

(16)

**PLAINTIFFS**

Kwame Nkrumah, hereinafter K. Nkrumah

Shannon Nkrumah, hereinafter S. Nkrumah

Lula Woodson, hereinafter L. Woodson

Carolyn Woodson, hereinafter C. Woodson

Cheryl Noldon, hereinafter Noldon

**DEFENDANTS**

State of Connecticut, hereinafter Connecticut

City of New Haven, hereinafter New Haven

City of New Haven Police Department, hereinafter NHPD

Judith Rothschild Dicine, hereinafter Dicine

Patrice Palumbo, hereinafter Palumbo

Ned Lamont, hereinafter Lamont

Dannel Malloy, hereinafter Malloy

M. Jodi Rell, hereinafter Rell

Justin Elicker, hereinafter Elicker

Toni Harp, hereinafter Harp

John Destefano, Jr., hereinafter Destefano

Arlevia Samuel, hereinafter Samuel

Erik Johnson, hereinafter Johnson

David Whidden, hereinafter Whidden

Frank D'Amore, Jr., hereinafter D'Amore

Nicholas Caprio, hereinafter Caprio

A. Walter Esdaile, hereinafter Esdaile

(17)

James S. Del Visco, hereinafter Del Visco

Debra Beard, hereinafter Beard

Robert Walsh, hereinafter Walsh

Andrew J. Rizzo, Jr., hereinafter Rizzo

Joseph Cappucci, hereinafter Cappucci

Gary Hogan, hereinafter Hogan

Elizabeth McCormack, hereinafter McCormack

Carol A. Enscori, hereinafter Enscori

Serena Neal-Sanjurjo, hereinafter Neal-Sanjurjo

Rafael Ramos, hereinafter Ramos

Linda Davis-Cannon, hereinafter Davis-Cannon

Jim Turcio, hereinafter Turcio

Frank B. Velardi, Jr., hereinafter Velardi

Thomas White, hereinafter White

Robert Maturo, hereinafter Maturo

Officer Mendez, hereinafter Mendez

Officer M. Koval, hereinafter Koval

Officer S. Rodriguez, hereinafter Rodriguez

Officer Berrios, hereinafter Berrios

Lieutenant Streeto, hereinafter Streeto

Denise Blanchard, hereinafter Blanchard

Joann Peterson, hereinafter Peterson

James M. Lewis, hereinafter Lewis

Frank Limon, hereinafter Limon

(18)

Dean Esserman, hereinafter Esserman

Otoniel Reyes, hereinafter Reyes

Anthony Campbell, hereinafter Campell

Kevin Kane hereinafter Kane

Richard Colangelo, hereinafter Colangelo

Patrick J. Griffin, hereinafter Griffin

Renee Dominguez, hereinafter Dominguez

Karl R. Jacobson, hereinafter Jacobson

Regina Rush-Kittle, hereinafter Rush-Kittle

Mark Wilson, hereinafter Wilson

Nicole Minervini, hereinafter Minervini

Ricardo Cruz-Martinez, hereinafter Cruz-Martinez

Ferdinand S. Escoffery, hereinafter Escoffery

National Construction LLC, hereinafter National Construction LLC

TAJ Real Estate, LLC Michael N. Johnson, hereinafter M. Johnson

Ouida V. Nelson-Johnson, hereinafter O. Johnson

Luretha McClendon, hereinafter McClendon

Carl M. Porto, II, hereinafter Porto, II

HSBC Bank USA, National Association as Indenture Trustee, By and Through its Attorney-in-Fact Ocwen Loan

Servicing, LLC, hereinafter Attorney-in-Fact Ocwen Loan Servicing, LLC

HSBC Bank ATF, hereinafter Renaissance Home Equity Loan 2007-1

HSBC ATF, hereinafter Peoples Choice Home Loan 2005-4

O'Connell, Flaherty & Attmore, L.L.C., hereinafter O'Connell, Flaherty & Attmore, L.L.C.

(19)

Brock & Scott PLLC acquires Default Practice Shechtman, Halperin, Savage, Associate Attorney Shawn M. Masterson LLP, hereinafter Brock & Scott

Christina Carter, hereinafter Carter

Aurora Loan Services, LLC Leanne M. Larson, ESQ., hereinafter Aurora Loan Services, LLC

Mortgage Electronic Registration Systems, Inc. Acting Solely as Nominee for Delta Funding Corporation, hereinafter Mortgage Electronic Registration Systems, Inc. Acting Solely as Nominee for Delta Funding Corporation

Ikechukwu Umeugo, hereinafter Umeugo

Cecrystal O. Umeugo, hereinafter C. Umeugo

Ike C. Umeugo, hereinafter I. Umeugo

Robert M. Singer, hereinafter Singer

Robert E. Artis, hereinafter Artis

Anne R. Hoyte, hereinafter Hoyte

Michael B. Smart, hereinafter Smart

Ronald Smith, hereinafter Smith

Christine J. Ciociola, hereinafter Ciociola

Steven R. Rolnick, hereinafter Rolnick

Benjamin Conner, hereinafter Connor

Tyisha Walker-Myers, hereinafter Walker-Myers

Carl Goldfield, hereinafter Goldfield

Dolores Colon, hereinafter Colon

Patricia King, hereinafter King

Eric Herman Opin, hereinafter Opin

Murtha Cullina, hereinafter Cullina

(20)

Richard A. Robinson, hereinafter Robinson

William H. Bright, Jr., hereinafter Bright

Terence A. Zemetis, hereinafter Zemetis

John Anthony Cirello, hereinafter Cirello

William Spader, hereinafter Spader

Insurance Company John Doe – 1, hereinafter Insurance Company John Doe

Insurance Attorney Carl M. Porto II, hereinafter Porto II

Porto Parese & Colwell PC, hereinafter Porto II Parese & Colwell PC

RBC DE2 LLC, hereinafter RBC DE2LLC

RBC DE LLC, hereinafter RBC DE LLC

Farren Moishe LLC, hereinafter Farren Moishe LLC

Reichman Brodie Real Estate LLC, hereinafter Reichman Brodie Real Estate LLC

Phoenix Investor Advisors LLC-1, hereinafter Phoenix Investor Advisors, LLC-1

Allen McCollum, hereinafter McCollum

Kathy McCollum, hereinafter K. McCollum

Phoenix Investor Advisors LLC-2, hereinafter Phoenix Investor Advisors, LLC-2

Phoenix Investor Advisors LLC-3, hereinafter Phoenix Investor Advisors, LLC-3

Cele Okoro, hereinafter Okoro

Cele Okoro and Kate Okoro, C. Okoro and K. Okoro

Kate Okoro, hereinafter K. Okoro

Agent Attorney Sandra G. Huggins, hereinafter Huggins

Lawrence A. Levinson, hereinafter Levinson

(21)

A.  **JURISDICTION AND VENUE**

1.  This is an action to redress the deprivation of rights secured to the plaintiffs by the Constitution and laws of the United States.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.  Venue is proper in this court by virtue of 28 U.S.C. §1391 because the events giving rise to the claims occurred in the District of Connecticut and at least one of the defendants resides in the state of Connecticut.

4.  The plaintiffs are all citizens, 3 adult residents in the City of New Haven, Connecticut 2 adult residents in the City of San Leandro, California.

5.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, as Plaintiffs' claims arise under federal law.

6.  During all times mentioned in this Complaint, the defendant was the State of Connecticut.  They are sued in their official capacities.

7.  During all times mention in this complaint, the defendant was Connecticut Chief State's attorney Kevin Kane.  He is sued in his official and individual capacities.

8.  During all times mention in this complaint, the defendant was Connecticut Chief State's attorney Richard Calangelo.  He is sued in his official and individual capacities.

9.  During all times mention in this complaint, the defendant was Connecticut Chief States attorney Patrick J. Griffin.  He is sued in his official and individual capacities.

10. During all times mentioned in this Complaint, the defendant was Supervisory Assistant State's Attorney Judith Rothchild Dicine for Housing Matters for the State of CT, Division of Criminal Justice, Office of the CT Chief State's Attorney.  She is sued in her official and individual capacities.

11. During all times mentioned in this Complaint, the defendant was SA Patrice Palumbo.  She is sued in her official and individual capacities.

12. During all times mentioned in this Complaint, the defendant was Former State Judge Zemetis.  He is sued in his official and individual capacities.

13. During all times mentioned in this Complaint, the defendant was State Judge Cerillo of New Haven Superior Court.  He is sued in his official and individual capacities.

14. During all times mentioned in this Complaint, the defendant was State Judge James W. Abrams of New Haven Superior Court.  He is sued in his official and individual capacities.

15. During all times mentioned in this Complaint, the defendant was State Judge Walter Spader of New Haven Superior Court.  He is sued in his official and individual capacities.

16. During all times mentioned in this Complaint, the defendants were police officers in the New Haven Police Department.  They are sued in their official and individual capacities.

17. During all times mentioned in this Complaint, the defendants were Mortgage Companies.  They are sued in their official and individual capacities.

18. During all times mentioned in this Complaint, the defendants were John Doe Insurance Companies.  They are sued in their official and individual capacities.

19. During all times mentioned in this Complaint, the defendant was City of New Haven Corporation Counsel Attorney Carl M. Porto, II acting as an Insurance Agent for the City of New Haven.  He is sued in his official and individual capacities.

20. During all times mentioned in this Complaint, the defendant was City of New Haven Attorney Christine J. Ciociola.  She is sued in her official and individual capacities.

21. During all times mentioned in this Complaint, the defendant was City of New Haven Attorney Benjamin Connor.  He is sued in his official and individual capacities.

22. During all times mentioned in this Complaint, the defendant was City of New Haven Corporation Counsel Attorney James S. Del Visco.  He is sued in his official and individual capacities.

23. During all times mentioned in this Complaint, the defendant was Attorney Robert M. Singer an Agent acting for the City of New Haven Corporation Attorneys.  He is sued in his official and individual capacities.

24. During all times mentioned in this Complaint, the defendant was Attorney Frank B. Velardi, Jr. an Agent acting for the City of New Haven Corporation Attorneys.  He is sued in his official and individual capacities.

25. During all times mentioned in this Complaint, the defendant was Attorney Carl M. Porto.  He is sued in his official and individual capacities.

26. During all times mentioned in this Complaint, the defendant was Attorney John A. Parese.  He is sued in his official and individual capacities.

27. During all times mentioned in this Complaint, the defendant was Attorney William S. Colwell.  He is sued in his official and individual capacities.

28. During all times mentioned in this Complaint, the defendants were Attorneys at law Parrett, Porto, Parese & Colwell.  They are sued in their official and individual capacities.

29. During all times mentioned in this Complaint, the defendant was Former Governor Jodi Rell.  She is sued in her official and individual capacities.

30. During all times mentioned in this Complaint, the defendant was Former Governor Dannel Malloy.  He is sued in his official and individual capacities.

31. During all times mentioned in this Complaint, the defendant was Governor Ned Lamont.  He is sued in his official and individual capacities.


(24)

32. During all times mentioned in this Complaint, the defendants were City of New Haven.  They are sued in their official capacities.

33. During all times mentioned in this Complaint, the defendant was Chief of Police James M. Lewis. He is sued in his official and individual capacities.

34. During all times mentioned in this Complaint, the defendant was Former City of New Haven Mayor John DeStefano.  He is sued in his official and individual capacities.

35. During all times mentioned in this Complaint, the defendant was Former City of New Haven Tonie Harp.  She is sued in her official and individual capacities.

36. During all times mentioned in this Complaint, the defendant was Former City of New Haven Justen Elicker.  He is sued in his official and individual capacities.

37. During all times mentioned in this Complaint, the defendant was City of New Haven Corporation Counsel Patricia King.  She is sued in her official and individual capacities.

38. During all times mentioned in this Complaint, the defendant was Former City of New Haven Executive Director of the Livable City Initiative (LCI) neighbor anti-blight and development agency Erik Johnson.  He is sued in his official and individual capacities.

39. During all times mentioned in this Complaint, the defendant was City of New Haven Former Board of Alders President Carl Goldfield.  He is sued in his official and individual capacities.

40. During all times mentioned in this Complaint, the defendant City of New Haven Board of Alders President Tyisha Walker-Myers.  She is sued in her official and individual capacities.

41. During all times mentioned in this Complaint, the defendant was Frank Rizzo, Jr.  He is sued in his official and individual capacities.

42. During all times mentioned in this Complaint, the defendants were.  They are sued in their individual capacities.



(25)

43. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut as well as Assistant States Attorneys and in the course of their employment.

44. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut as well as Governor's, Chief State's Attorneys, State's Attorneys and State Judges, with the State of Connecticut and in the course of their employment.

45. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut as well as police officers with the City of New Haven and in the course of their employment.

46. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect the plaintiffs from the unlawful actions of the other defendants, but each defendant failed and refused to perform such duty, thereby proximately causing the injuries herein complained of.



COMPLAINT

**FACTUAL ALLEGATIONS**

1. This civil-rights lawsuit seeks to vindicate the constitutional rights of the unaware victims' plaintiffs' Kwame Nkrumah, Carolyn Woodson, Cheryl Noldon, Shannon Nkrumah and Lula Woodson just discovered on or about February 2, 2022 in a Bankruptcy court hearing that alleged Lender Robert E. Artis, and his defendant conspirators had conspired to steal and sale all plaintiffs' properties.

2. The plaintiffs Kwame Nkrumah, Shannon Nkrumah, Carolyn Woodson, Lula Woodson and Cheryl Noldon allege on or about October 15, 2004 they were in the business of buying renting and selling real property, in the New Haven area.

3. The unaware five victim plaintiffs Carolyn Woodson, Cheryl Noldon, Lula Woodson, Shannon Nkrumah, Kwame Nkrumah  allege sometime in July 2008 the defendant Livable City Initiative Deputy Director for Housing Code Enforcement, Rafael Ramos acting unlawfully, instigated, lured and called C. Woodson several times on her cell phone when she was living in California and used his authoritative position to coercively persuade, overbear C. Woodson will, unwitting and dupe by shouting and threatening, that there was Drug activity house violations at 216-218 Spring Street, New Haven, CT.   Ramos threatened to shut the house down and put the tenants up in a hotel, if C. Woodson did not to return to Connecticut right away.  The unaware fleeced duped Victim C. Woodson rushed on a plane from Oakland, California to New Haven, Connecticut and met with Ramos who stated to her your brother, Kwame Nkrumah, is a bad person and I don't like him and why are you buying all these properties in New Haven with your brother Kwame and that Kwame cannot own 216-218 Spring Street or any of the other properties with you and that you own all these properties together with Cheryl Noldon.   At the time Ramos told me this K. Nkrumah was in the hospital at Saint Raphael.  I told defendant Ramos that I only pay the mortgage and taxes on all the properties and that I have no knowledge of the Real Estate Law in relation to the facts.

4. The plaintiffs allege on MAY 3,2009, defendant Koval was dispatched by Ramos to 216-218 Spring Street to prevent K. Nkrumah from/ of coming onto their property.

5. **The plaintiff K. Nkrumah allege the defendant Koval grabbed plaintiff roughly by his arm and walked him across the street so the other officers would not hear what was being said and** stated aggressively stand there don't fuckin move all of YOUR properties are your sister C. Woodson. She pays the mortgage. She is the owner not you and your fucking ass will be arrested next time you come back to this property or any properties in New Haven. Now get your fucking ass back in your fucking car right now and don't come back or you will be fucking arrested. Plaintiff stated to officer Koval you cannot tell me I cannot come onto my own property. This is a civil matter I'm going to see a lawyer now if he says I can come onto my property I'm coming back onto my property.

6. The plaintiffs allege the defendant Koval seizure and arbitrary encroachment in the interference with plaintiff's possessory interest in the property at 216-218 Spring Street as well as all of the other properties in the complaint. Defendant violated the plaintiff's rights protected by the 4th Amendment to the United States Constitution.

7. The Plaintiffs allege that the defendant Koval knowingly, willfully, negligently and intentionally involved himself in a property ownership dispute that was a civil matter.

8. The plaintiffs allege that the defendants Koval have no legal authority in civil matters.

9. as to Koval, the plaintiff Kwame Nkrumah, (hereinafter, K. Nkrumah) was not allowed to enter onto 216-218 Spring Street were False imprisonment   occurred; [A] defendant Koval violently, jerked and grabbed onto K. Nkrumah arm without his consent, walked him across the street so the other officers could not hear the conversation and stated stand there don't move fucking move. [B]There was a willful detention; [c]The detention was without consent; [D] The detention was unlawful and the police

(28)

are not allowed to involve them self in a civil matter.  Plaintiff did not violate any Laws. He was not

illegally on the property, and did not engage in any unlawful conduct while on the property.

10. The plaintiffs allege the defendant Koval's statements and omissions were false and were made with a

reckless indifference to the truth.

11. The plaintiffs allege on May 4, 2009, Kwame Nkrumah return back onto 216-218 Spring Street and was

arrested and brutally injured and assaulted as Koval said he would be by Robert Maturo and three

other officers on the behest of KOVAL.

12. The plaintiffs allege K. Nkrumah on or about May 7, 2009, filed a civilian complaint with defendant

Peterson to be allowed to go back onto the property.

13. The plaintiffs allege K. Nkrumah on or about May 11, 2009, was told by defendant Peterson informed

K. Nkrumah by letter that an Internal Affairs Investigation would not be opened regarding the

plaintiff's complaint.  This complaint had been forwarded to the Officer in Charge of patrol for

resolution.  If you have any questions, please contact Captain D. Blanchard at 203-946-6966 to further

address this matter.

14. The plaintiffs allege that defendant Peterson had knowledge or, had she Diligently exercised her duties

to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the

wrongs conspired to be done, as heretofore alleged were about to be committed.  Defendant Peterson

power to prevent the commission of said wrongs, WITHOUT A WARRANT IN VIOLATION OF THE

FOURTH AMENDMENT and could have done so by reasonable diligence or aid in preventing the

commission of said wrongs could have done so by reasonable diligence, and knowingly, recklessly or

with gross negligence refused to do so

15. The plaintiff K. Nkrumah alleges that defendant Blanchard deliberately, willfully, knowingly,

Negligently, and intentionally knew or should have known that she had a duty to order Streeto to stop

his illegal actions because it was a civil matter.  The said Blanchard however turned a blind eye to the

law and passed the case incident to Peterson who turned a blind eye to the law by failing to act and

prevent defendant Streeto from the property at 216-218 Spring Street even though plaintiff filed an

Internal Affairs complaint with Peterson to resolve and obtain possession of 216-218 Spring Street

from Streeto, who was under her command and control.

16. The plaintiff K. Nkrumah alleges that defendant Blanchard requested that he give her a copy of the

    owner's deed and plaintiff Power of Attorney to have said housing court judge review so that plaintiff

    could return back to 216-218 Spring Street.

17. The plaintiff K. Nkrumah alleges that defendant Blanchard stated your papers are legitimate a judge

    looked them over you are the owner of 216-218 Spring Street and 109-111 Hobart Street however you

    have to talk to LT Streeto about going back onto your property he is in charge of the Hill area whatever

    he says goes.

18. The plaintiff K. Nkrumah alleges on or about May 13, 2009, Captain D. Blanchard stated the following

    to plaintiff; "Defendant Lieutenant Streeto has to handle this for you; there's nothing I can do. I will

    have Lieutenant Streeto contact you."  The said Blanchard knowingly, willfully, and intentionally

    Assisted the defendants in illegally seizing all plaintiffs' properties.

19. The plaintiffs allege that defendant Streeto had no legal authority or right to come onto their property

    at 216-218 Spring Street, New Haven, CT.

20. The plaintiffs allege that defendant Streeto knew or should have known not to have prevented Gary

    Grant and Amity Lock Smith from changing the common area Locks at 216-218 Spring Street, New

    Haven, CT.

21. The plaintiff K. Nkrumah alleges on or about May 14, 2009, defendant Streeto stated the following: to

    plaintiff; "You cannot go back onto the said property at 216-218 Spring Street, New Haven,

    Connecticut. You had problems with Rafael Ramos before.  Would you like to meet with me and

Ramos?" The Plaintiff stated, "What kind of games are you and Ramos playing? I'm calling Captain

Blanchard."

22. The plaintiff K. Nkrumah alleges that he called defendant Blanchard and stated the following;

Lieutenant Streeto will not allow me to go onto said property at 216-218 Spring Street, New Haven,

Connecticut which is illegal. You need to call him and order him to let me go back to my property.

Blanchard stated, "He's head of that area, there's nothing I can do. You have to deal with him, have a

good day." Hung up phone.

23. The plaintiffs allege that defendant Blanchard had knowledge or, had she Diligently exercised her

duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge

that the wrongs conspired to be done, as heretofore alleged were about to be committed. Defendant

Blanchard power to prevent the commission of said wrongs, could have done so by reasonable

diligence or aid in preventing the commission of said wrongs could have done so by reasonable

diligence, and knowingly, recklessly or with gross negligence refused to do so.

24. The plaintiff K. Nkrumah alleges he called Streeto back and arranged a phone call meeting for 1 O'clock

the next day. Defendant Streeto failed to call at 1 O'clock as promised to arrange said meeting or 2

o'clock. So, plaintiff called Amity Locksmith and Gary Grant to change the hallway locks and basement

door locks, defendant Streeto suddenly pulled up and prevented the changing of locks.

25. The plaintiff K. Nkrumah alleges the defendants Streeto then called Dicine or Palumbo who advised

Lieutenant Streeto not to allow plaintiff back onto the property at 216-218 Spring Street, New Haven,

Connecticut and not to allow plaintiff to move his one year leased tenant's nephew Shamont, his

girlfriend and their children, into the second-floor apartment of 218 Spring Street.

26. The aforesaid Dicine or Palumbo knowingly, intelligently, deliberately, negligently, willfully, maliciously,

and intentionally schemed to wrongfully steal the plaintiff's properties See Exhibit 2 Officer Police

Report attached addendum "Exhibit A" in support of Claim.

27. The plaintiff K. Nkrumah alleges defendant Streeto then ordered Amity Locksmith, Gary Grant, that they cannot change the locks at 216 Spring Street and that they are free to leave but don't come back and change any locks for plaintiff K. Nkrumah.

28. The plaintiff K. Nkrumah alleges defendant Streeto then stated the following to plaintiff, "I knew you would come back to this property because I got tied up and didn't call you, you don't get it, you cannot come back to this property, you cannot change locks.  Next time bring your boys from 1978 to help you shoot it out.  Now get in your car and don't come back.  I'm through playing games with you. Harm is going to come to you, not me because I'm going to say you scared the little kids on the first floor and I'm going to order my men to shoot you down in the Street and take you out of here in a body bag.  I retire in 6 months to Florida don't make me do this.  This is your last time coming back onto this property at 216-218 Spring Street, or any of the other properties you and your sister own together do you understand that?" Plaintiff K. Nkrumah was in fear of his life and of being gun downed and killed by Lt Streeto and his officers.  So, the Plaintiff then met with Attorney John R. Williams and told Attorney Williams what Streeto had said and done.  Said attorney stated to K. Nkrumah he was shocked the police would say that and advised plaintiff not to go back onto at216 218 Spring Street or any properties because the police might shoot him as they said. I plaintiff Kwame Nkrumah feared for my life then and I still fear for my life now.

## CLAIM 1

29. The plaintiffs allege the defendants unreasonable search and seizure of Plaintiffs' properties without a warrant violated the plaintiffs' Fourth Amendment and Fourteenth Amendment Rights.

## CLAIM 2

30. The plaintiffs allege the defendants did not provide the plaintiffs with a notice and hearing as required under the U.S. Constitution and BY THE UNITED STATES SUPREME COURT.

## CLAIM 3

31. The plaintiffs allege the defendant's continued retention of Plaintiffs' properties violates the Fourth Amendment and Fourteenth Amendment.

## CLAIM 4

32. The plaintiffs allege the defendants must provide plaintiffs as owners with a basis for the continued retention of their properties and a prompt and meaningful way to secure its return.

## CLAIM 5

33. Plaintiffs bring their claims for return of their seized property under Federal Rule of Criminal Procedure 41(g) and the Court's inherent equitable power. They are entitled to the immediate return of their property as they are not targets of any criminal investigation and the defendant continued detention of their property both violates the Fourth, Fifth and 14TH Amendments and works a hardship on Plaintiffs, like all citizens, is protected by the Fourth Amendment to the United States Constitution. Property seized in violation of their constitutional rights must be returned forthwith.

## CLAIM 6

34. Plaintiffs seek declaratory and injunctive relief against the defendants' unconstitutional warrantless search, seizure, retention and arbitrary invasion and illegal seizure and use of their properties.

## CLAIM 7

### 42 U.S.C. § 1983—Against All Defendants

1. Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

2. Defendants at all times relevant to this action were acting under color of state law.

3. Defendants unlawfully deprived plaintiffs of their property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

4. Defendants made an unreasonable and warrantless seizure of Plaintiffs' personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

5. At all times relevant hereto, Defendants deprived Plaintiffs of personal property without A court order and without providing an opportunity for the Plaintiffs to be heard.

6. Defendants Policy or custom, and its failure to adopt clear policies and failure to properly train its police officers were a direct and proximate cause of the constitutional deprivation suffered by Plaintiffs.

## CLAIM 8

### Conversion—Against Defendants

1. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

2. Without Plaintiffs' consent, Defendants intentionally deprived Plaintiffs of their rightful possession of their properties.

3. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of plaintiffs.

## CLAIM 9: SLANDER OF TITLE

1. The defendants have caused to be recorded various documents including a notice strict foreclosure judgment which has impaired the Plaintiffs Kwame Nkrumah's, Shannon Nkrumah's, Lula Woodson's,

Carolyn Woodson's and Cheryl Noldon's titles which constitutes slander of title and the Plaintiffs

should be awarded resulting damages to be fully proved at the time of trial.

## CLAIM 10:  VIOLATION OF THE CONSUMER PROTECTION ACT

1. The defendants have engaged in a pattern of unfair practices in violation of the Connecticut Consumer

   Protection Act, entitling the Plaintiffs Kwame Nkrumah, Shannon Nkrumah, Lula Woodson, Carolyn

   Woodson and Cheryl Noldon to damages, treble damages and reasonable attorney fees and costs

   pursuant to the statute.

## CLAIM 11:  SLANDER OF CREDIT

1. The Plaintiffs Kwame Nkrumah, Shannon Nkrumah, Lula Woodson, Carolyn Woodson and Cheryl

   Noldon allege that the actions and inactions of the defendants have impaired their credit causing them

   to lose the ability to have good credit entitling them to damages, including statutory punitive damages

   pursuant to state and federal law, all to be proved at the time of trial.

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, as Plaintiffs' claims arise under

   federal law.

3. Defendants also went to great lengths to conceal their scheme from the majority of the BOARD OF

   ALDERS members.  Defendants excluded key information, like the selling of Plaintiffs' 109-111 Hobart

   Street, New Haven, Connecticut Property for themselves and numerous others.

4. The plaintiffs allege the defendants' conduct was committed to obtain properties (including bank funds

   and insurance money proceeds) by means of forgery and false or fraudulent pretenses or

   representations.   Involved common and closely related techniques, misrepresentations, omissions and

   concealments of material facts over a period of years.

## CLAIM 12 NEGLIGENCE

1. The plaintiffs allege the defendant Livable City Initiative Deputy Director of Property and

   Neighborhood Services Frank D' Amore, Jr. orchestrated a malicious, evil plot knowingly, willfully,

negligently, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his

signature to a forged falsified Public Document on the City of New Haven Land Records to steal

Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy

money proceeds of $200,000 or more.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

### CLAIM 13 NEGLIGENCE

3. The plaintiffs allege the defendant Erick Johnson City of New Haven Employee Former Livable City

Initiative Executive Director orchestrated a malicious, evil plot knowingly willfully, negligently,

maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to

a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-

111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of

$200,000 or more.

4. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

### CLAIM 14 NEGLIGENCE

1. The plaintiffs allege the defendant Walter A. Esdaile City of New Haven Employee Former Livable City

Initiative Acting Executive Director orchestrated a malicious, evil plot knowingly, intelligently, willfully,

maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a

forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111

Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of

$200,000 or more.

the defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

## CLAIM 15 NEGLIGENCE

1. The plaintiffs allege the defendant Rizzo jr. City of New Haven Employee Former Livable City Initiative

   Building Executive Director orchestrated a malicious, evil plot knowingly, intelligently, willfully,

   maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a

   forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111

   Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of

   $200,000 or more.

2. he defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

   circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

   would have done in same or similar circumstances.

## CLAIM 16 NEGLIGENCE

1. The plaintiffs allege the defendant City of New Haven Employee Assistant Building Inspector Robert

   Walsh orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally

   showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public

   Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New

   Haven, Connecticut property and fire insurance policy money proceeds of $200,000 or more.

2. he defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

   circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

   would have done in same or similar circumstances.

## CLAIM 17 NEGLIGENCE

1. The plaintiffs allege the defendant City of New Haven Employee Fire Marshal Joseph Cappucci orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of $200,000 or more.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 18 NEGLIGENCE

1. The plaintiffs allege the defendants City of New Haven its Employee Neighborhood Services Gary Hogan orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of $200,000 or more.

2. he defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 19 NEGLIGENCE

1. The plaintiffs allege the defendants Board of Alders the legislative body for the city of New Haven its Employee Alderwomen Elizabeth McCormick orchestrated a malicious, evil plot knowingly, willfully, negligently, maliciously and intentionally showed a Reckless disregard for the truth.  By signing her signature to a forged falsified Public Document on the City of New Haven Land Records to steal

Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of $200,000 or more.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 20 NEGLIGENCE

1. The plaintiffs allege the defendant Thomas White City of New Haven Employee orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth. By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds of $200,000 or more.

2. he defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 21 NEGLIGENCE

1. The plaintiffs allege the defendant Smith City of New Haven Employee Former Town Clerk orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth. By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

**CLAIM 22 NEGLIGENCE**

1. The plaintiffs allege the defendant Rafael Ramos City of New Haven Employee orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

**CLAIM 23 NEGLIGENCE**

1. The plaintiffs allege the defendant Luretha McClendon City of New Haven agent or contractor orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

**CLAIM 24 NEGLIGENCE**

1. The plaintiffs allege the defendant Umuego of New Haven agent or contractor orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceeds.

(40)

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 25 NEGLIGENCE

1. The plaintiffs allege the defendant Michael Johnson City of New Haven agent orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 109-111 Hobart Street, New Haven, Connecticut property and fire insurance policy money proceed.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 26 NEGLIGENCE

1. The plaintiffs allege the defendant Robert M. Singer City of New Haven agent orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public Document on the City of New Haven Land Records to steal Plaintiffs' 216-218 Spring Street, New Haven, Connecticut property and fire insurance policy money proceeds.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 27 NEGLIGENCE

1. The plaintiffs allege the defendant Robert E. Artis an agent for the defendants wrote up a forgery forged mortgage DEED AND forgery NOTE TO ASSIST THE DEFENDANTS IN STEALING THE PLAINTIFFS'

PROPERTY.   By signing his signature to a forged falsified Public Document on the City of New Haven

Land Records to steal Plaintiffs' 216-218 Spring Street, New Haven, Connecticut property.

2.   The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

### CLAIM 28 NEGLIGENCE

1.   The plaintiffs allege the defendant Benjamin Connor City of New Haven Employee or Contractor

orchestrated a malicious, evil plot knowingly, intelligently, willfully, maliciously and intentionally

showed a Reckless disregard for the truth.  By signing his signature to a forged falsified Public

Document on the City of New Haven Land Records to steal Plaintiffs'216-218 Spring Street, New Haven,

Connecticut property.

2.   The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

### CLAIM 29 NEGLIGENCE

1.   The plaintiffs allege the defendant Michael Smart of New Haven Employee orchestrated a malicious,

evil plot knowingly, intelligently, willfully, maliciously and intentionally showed a Reckless disregard for

the truth.  By Adopting his signature to a forged falsified Public Document on the City of New Haven

Land Records to steal Plaintiffs' 216-218 Spring Street, New Haven, Connecticut property.

2.   The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar

circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done in same or similar circumstances.

## CLAIM 30 NEGLIGENCE

1. The plaintiffs allege the defendant Christine Ciociola City of New Haven Employee was involved with preparing a Release of lien so the unaware duped gullible naïve victim plaintiff Carolyn Woodson said Lien Release was only done so Ciociola and her conspirators could steal 109-111 Hobart Street Ciociola showed a conciseness of guilt by not signing her signature to said forged falsified Public Document on the City of New Haven Land Records to 216-218 Spring Street lien Release.

2. The defendant(s): (1) performed act that a person of ordinary prudence in the same or similar circumstance would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done in same or similar circumstances.

## CLAIM 31: CONVERSION

- Plaintiffs re-allege the allegations set forth in Paragraphs 1 – 30 above and incorporates same herein by reference.

- At all times relevant to this litigation, Defendants State of Connecticut, City of New Haven, City of New Haven Corporation Counsel Attorney Carl M. Porto, II, Andrew J. Rizzo, Jr., Erik Johnson and their co-conspirators owed Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson a duty to not convert Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson property to Defendants State of Connecticut, City of New Haven, City of New Haven Corporation Counsel Attorney Carl M. Porto, II, Andrew J. Rizzo, Jr., Erik Johnson and their co-conspirators own use and benefit.

- Defendants breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson.

- Accordingly, Defendants State of Connecticut, City of New Haven, City of New Haven Corporation Counsel Attorney Carl M. Porto, II, Andrew J. Rizzo, Jr., Erik Johnson and their co-conspirators are liable

in damages to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and

Lula Woodson in excess of $500,000,000, the exact amount to be proven at trial.

### CLAIM 32: NEGLIGENT BREACH OF FIDUCIARY DUTY

- PLAINTIFFS re-allege the allegations set forth in Paragraphs 1 – 31 above and incorporates same herein

  by reference.

- At all times relevant to this litigation, defendants State of Connecticut, City of New Haven, City of New

  Haven Corporation Counsel Attorney Carl M. Porto, II, Andrew J. Rizzo, Jr., Erik Johnson and their co-

  conspirators owed a fiduciary to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah,

  Cheryl Noldon and Lula Woodson.

- Defendants State of Connecticut, City of New Haven, City of New Haven Corporation Counsel Attorney

  Carl M. Porto, II, Andrew J. Rizzo, Jr., Erik Johnson and their co-conspirators negligently breached that

  duty on more than one occasion and such breaches were the actual and proximate cause of harm to

  Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson.

## CLAIM 33 RECKLESS BREACH OF FIDUCIARY DUTY
### (AS TO ALL DEFENDANTS ARE LIABLE)

- At all times relevant to this litigation, defendants owed Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson a fiduciary duty and recklessly breached that duty on more than one occasion and such breaches were the actual and proximate cause of harm to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson.

## CLAIM 34 UNJUST ENRICHMENTS
### (AS TO ALL DEFENDANTS ARE LIABLE)

- Plaintiffs re-allege the allegations set forth in Paragraphs 1 – 1 above and incorporates same herein by reference.

- At all times relevant to this litigation, Defendants owed a legal duty to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson to not unfairly or unduly take advantage of Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson or commit wrongful acts in order to unjustly enrich their selves at Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson expense or at the expense of Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson properties or financial interests.

- During the period from approximately July, 2008 to present Defendants unjustly enriched themselves by wrongfully converting, taking, utilizing or selling the properties and financial interests of Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson.

- Such acts and omissions leading to the Defendants' unjust enrichment were the actual and proximate cause of harm to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson.

(45)

- Accordingly, Defendants are liable in damages to Plaintiffs Carolyn Woodson, Kwame Nkrumah, Shannon Nkrumah, Cheryl Noldon and Lula Woodson in excess $500,000,000, the exact amount to be proven at a trial, arising out of Defendants unjust enrichment.

## CLAIM 35 AS TO LUTHERA MCCLENDON
### LEGAL MALPRACTICE
### ARE LIABLE

The plaintiff repeats and re-alleges paragraphs 1- of the previous Count and incorporates them herein as paragraphs 1- of this Count.  The Plaintiffs allege the defendant Attorney McClendon knowingly, willfully, negligently, maliciously, intentionally and with a total disregard for the truth forged plaintiff C. Woodson signature to Forgery Warranty Deed.

a.  McClendon stated to duped victim plaintiff C. Woodson the City of New Haven owns I already and the people feel bad for you and they really don't have to give you anything, however, here's Approximately $2,000 sign right here which plaintiff C. Woodson did.

b.  McClendon Then sold 109-111 Hobart Street to defendant Straw Buyer Richrach Properties-Hobart ST LLC for $75,000 dollars out from under the vulnerable owners.

c.  The plaintiff K. Nkrumah alleges the defendant McClendon Knowingly, willfully, maliciously and intentionally knew or should have known that K. Nkrumah was unaware that McClendon forged to steal his property at 109-111 Hobart Street, New Haven, CT

d.  removing plaintiff K. Nkrumah's Quit Claim Deed from the City of New Haven Land Records, and illegally creating a Fraudulent Warranty Deed for the purpose of stealing and selling 109-111 Hobart Street, New Haven, Connecticut.

e.  The plaintiffs allege McClendon Knowingly, Deliberately, negligently, willfully, intelligently and intentionally should not had created from K. Nkrumah quit claim deed at 109-111 Hobart Street into an illegal Forgery Warranty Deed which only a judicial Judge can do.

(46)

She is liable for negligence for its failure to provide plaintiff with notice of his right to counsel prior to the

date of closing as required of creditors by Conn. Gen. Stat. § 49-6d, its failure to with reasonable care,

causing harm to plaintiffs.

1. Defendant Luthera McClendon failed to comply with the Connecticut Rules of Professional Conduct

(including Rules 1.1, 1.4(b)and 1.7(a)) and was professionally negligent in that she did not fulfill the duty of

care to her client (plaintiff) required of a real estate attorney in the State of Connecticut.

2.  McClendon likewise failed to fulfill her fiduciary duty to plaintiff in that McClendon did not fulfill the duty

of loyalty required of a real estate attorney in the State of Connecticut, as McClendon engaged in a forged

Quit Claim Deed and forged Warranty Deed Theft scheme, a conflict of interest, and self-dealing in this

transaction.

3.  Had McClendon upheld her duties of care and loyalty, plaintiff C. Woodson would have understood that

the closing papers were FAKE, fraudulent and that they did not embody the terms of the transaction as

previously described by defendant McClendon.  Plaintiff would not have executed the Forged Warranty Deed

and would have refused to complete the transaction.

4.  Defendant's breaches of the duties of care and loyalty each constitute legal malpractice.

(1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have

done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or

similar circumstances.

## CLAIM 36
### NEGLIGENCE LIABILITY
### (AS TO HSBC BANK USA, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE,
### BY AND THROUGH ITS ATTORNEY-IN-FACT OCWEN LOAN SERVICING, LLC)

94. The plaintiffs allege the defendants HSBC Bank USA, National Association as Indenture Trustee, by and

through its Attorney-in-Fact Ocwen Loan Servicing, LLC Knowingly, Willfully, Negligently, Maliciously,

(47)

and intentionally failed to notify plaintiffs of the RELEASE OF MORTGAGE AND DISCHARGE and had a duty to record.

94. _ The plaintiffs allege the defendants (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

### CLAIM 37
### NEGLIGENCE LIABILITY
### (AS TO HSBC BANK USA, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE BENEFIT OF PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-4)

95. The plaintiffs allege the defendants HSBC Bank USA, National Association, as Indenture Trustee for the Benefit of People's Choice Home Loan Securities Trust Series 2005-4, is a corporation whose attorneys Brock & Scott acquires Default Practice Shechtman, Halperin, Savage, Associate Attorney Shawn M. Masterson, LLP knowingly, willfully, negligently, maliciously and intentionally failed to notify plaintiffs of the RELEASE OF MORTGAGE AND DISCHARGE and had a duty to record.

### CLAIM 38
### NEGLIGENCE LIABILITY
### (AS TO HSBC BANK USA, N.A., AS INDENTURE TRUSTEE FOR THE REGISTERED NOTE-HOLDERS OF RENAISSANCE HOME EQUITY LOAN TRUST 2007)

The plaintiffs allege the defendant HSBC Bank USA, N.A., as Indenture Trustee for the Registered Note-Holders of Renaissance Home Equity Loan Trust 2007-1 knowingly, willful, negligently, and intentionally failed to notify plaintiffs of the RELEASE OF MORTGAGE AND DISCHARGE and had a duty to record.

### CLAIM 39
### CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

- **PLAINTIFFS** re-allege and incorporate by reference each and every paragraph as above as though fully set forth herein.

(48)

- As set forth above, the action of Defendants was outrageous and demonstrated Defendants' complete disregard for **PLAINTIFFS**.

- **DEFENDANTS** inflicted serious injury to plaintiffs. **DEFENDANTS** acted with intent to cause severe, emotional distress to **PLAINTIFFS** and/or acted in conscious disregard of the probability that **PLAINTIFFS** would suffer severe emotional distress. Defendants' conduct was so extreme as to go beyond the bounds of decency and be regarded as intolerable in in a civilized society.

**CLAIM 40**
**NEGLIGENT MISREPRESENTATION AND OMISSION**
**(AS TO All THE DEFENDANTS)**

1. The plaintiffs allege the defendants sent by mail to C. Woodson 2 checks one for approximately $10,200 and the other one for approximately $11,200 out of $200,000 or more and orchestrated an evil malicious plot Knowingly, intentionally negligently and maliciously, Duty of Care, Breach of Duty, Causation, Damages/Harm and showed a Reckless disregard for the truth by signing their signature to and filing Fraudulent liens and encumbrance on land Records to steal Plaintiffs' insurance Proceeds and their property itself at 109-111 Hobart St in a Forged DEED Scheme. The plaintiffs allege the defendants knowingly, willfully, malice, and intentionally, orchestrated a Forgery Scheme to steal the Plaintiffs 109-111 Hobart Street, fire insurance policy proceeds. By falsifying and fabricating Documents on the New Haven Land Records. So, the property could be transferred and sold to a straw buyer.

2. The victim plaintiffs allege the defendants orchestrated a clandestine complex scheme to steal plaintiffs' 109-111 Hobart Street and 200,000 or more Fire Insurance proceeds, by filing fake fraudulent liens on THE NEW HAVEN LAND RECORDS.

3. The plaintiffs allege the negligence defendant Insurance Attorney Porto II sent by

49

## CLAIM 41
### NEGLIGENCE ARE LIABLE

THE PLAINTIFFS ALLEGE THAT THE DEFENDANT NEW HAVEN POLICE DEPARTMENT HAD ENTERED THEIR

PROPERTY AT 216-218 SPRING STREET, AND SEIZED KWAME NKRUMAH AND THEIR PROPERTIES

WITHOUT A WARRANT IN VIOLATION OF THE FOURTH AMENDMENT And FOURTEETH.

The plaintiffs allege the defendants:  (1) performed acts that a person of ordinary prudence in the same or

similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done under the same or similar circumstances.

## CLAIM 42
### NEGLIGENCE ARE LIABLE

THE PLAINTIFFS ALLEGE THAT THE DEFENDANT M. KOVAL HAD ENTERED THEIR PROPERTY AT 216-218

SPRING STREET, NEW HAVEN, AND THEIR PROPERTIES WITHOUT A WARRANT IN VIOLATION OF THE

FOURTH AMENDMENT AND FOURTEENTH AMENDMENT.

The plaintiffs allege the defendants:  (1) performed acts that a person of ordinary prudence in the same or

similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done under the same or similar circumstances.

## CLAIM 43
### NEGLIGENCE ARE LIABLE

THE PLAINTIFFS ALLEGE THAT THE DEFENDANT Raphael Ramos HAD ENTERED THEIR PROPERTY AT

216-218 SPRING STREET, NEW HAVEN, CT, 109-111 HOBART STREET AND NINE OTHER PROPERTIES

AND SEIZED THEIR PROPERTIES WITHOUT A WARRANT IN VIOLATION OF THE FOURTH AMENDMENT

and Fourteenth.

The plaintiffs allege the defendants: (1) performed acts that a person of ordinary prudence in the same or

similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence

would have done under the same or similar circumstances.

(50)

## CLAIM 44
## NEGLIGENCE ARE LIABLE

THE PLAINTIFFS ALLEGE THAT THE DEFENDANT S Rodriquez HAD ENTERED THEIR PROPERTY AT 216-

218 SPRING STREET, NEW HAVEN, CT, AND SEIZED KWAME NKRUMAH AND THEIR PROPERTIES

WITHOUT A WARRANT IN VIOLATION OF THE FOURTH AMENDMENT

94. The plaintiffs allege the defendants:  (1) performed acts that a person of ordinary prudence in the

same or similar circumstances would not have done; or (2) failed to perform acts that a person of

ordinary prudence would have done under the same or similar circumstances.

## CLAIM 45
## NEGLIGENCE ARE LIABLE

THE PLAINTIFFS ALLEGE THAT THE DEFENDANT Berrios HAD ENTERED THEIR PROPERTY AT 216-218

SPRING STREET, AND SEIZED KWAME NKRUMAH AND THEIR PROPERTIES WITHOUT A WARRANT IN

VIOLATION OF THE FOURTH AMENDMENT

## CLAIM 46
## NEGLIGENCE ARE LIABLE

94. The plaintiffs allege as a direct and proximate cause of the negligent and intentional acts of all

Defendants as set forth above the plaintiffs suffered loss of income and severe mental anguish in

connection with the deprivation of their constitutional.

## CLAIM 47
## NEGLIGENCE ARE LIABLE

95. The plaintiffs allege as a direct and proximate cause of the negligent and intentional acts of Defendants

as set forth 1 through   plaintiffs suffered loss of income and severe mental anguish in connection with

the deprivation of their constitutional and statutory rights guaranteed by the Fourth, Fifth, and

Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. 1983.

Defendants violated plaintiffs' rights protected by the 4th, 5th and 14th Amendments to the United

States Constitution.

(51)

## CLAIM 48
### NEGLIGENCE ARE LIABLE

The plaintiffs allege the defendant Mayor John Destefano Jr had knowledge or, had they Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done paragraph 1-  through    as heretofore alleged were to be committed.  Defendants Mayor John Destefano, Jr. had power to prevent the commission of said wrongs, could have done so by reasonable diligence or aid in preventing the commission of said wrongs could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence refused to do so.

## CLAIM 49
### NEGLIGENCE ARE LIABLE

96. The plaintiffs allege the defendant Chief Limon had knowledge or, had he Diligently exercised she duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged was about to be committed.  Defendant Limon power to prevent the commission of said wrongs, could have done so by reasonable diligence or aid in preventing the commission of said wrongs could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence refused to do so.

## CLAIM 50
### NEGLIGENCE ARE LIABLE

97. The plaintiffs allege the defendant Chief Esserman had knowledge or, had he Diligently exercised she duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged was about to be committed.  Defendant Esserman power to prevent the commission of said wrongs, could have done so by reasonable diligence or aid in preventing the commission of said wrongs could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence refused to do so.

(52)

## CLAIM 51
### NEGLIGENCE ARE LIABLE

98. The plaintiffs allege the defendant Chief Reyes had knowledge or, had he Diligently exercised his duties

to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the

wrongs conspired to be done, as heretofore alleged was continue to be committed.  Defendant Reyes

had power to prevent the commission of said wrongs, could have done so by reasonable diligence or

aid in preventing the commission of said wrongs could have done so by reasonable diligence, and

knowingly, recklessly or with gross negligence refused to do so.

## CLAIM 52
### NEGLIGENCE ARE LIABLE

99. The plaintiffs allege Defendant Chief Karl B. Jacobson had knowledge or, had he Diligently exercised

their duties to instruct, supervise, control and discipline on a continuing basis, should have had

knowledge that the wrongs conspired to be done, as heretofore alleged was continue to present to be

committed.  By Defendant several Officers.  Chief Jacobson had power to prevent the commission of

said wrongs, could have done so by reasonable diligence or aid in preventing the commission of said

wrongs could have done so by reasonable diligence, and knowingly, recklessly or with gross negligence

refused to do so.

## CLAIM 53
### NEGLIGENCE ARE LIABLE

100.    The plaintiffs allege Defendant Honorable Former Governor Rell had knowledge or, had she

Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continue to

present to be committed. By Defendants Dicine and Palumbo. Honorable Governor Rell had power to

prevent the commission of said wrongs, could have done so by reasonable diligence or aid in

preventing the commission of said wrongs could have done so by reasonable diligence, and knowingly,

recklessly or with gross negligence refused to do so.

## CLAIM 54
### NEGLIGENCE ARE LIABLE

101.      The plaintiffs allege the defendant Honorable Former Governor Malloy had knowledge or, had

he Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continue to

present to be committed.  By Defendants Dicine and Palumbo. Honorable Governor Malloy had power

to prevent the commission of said wrongs, could have done so by reasonable diligence or aid in

preventing the commission of said wrongs could have done so by reasonable diligence, and knowingly,

recklessly or with gross negligence refused to do so.

## CLAIM 55
### NEGLIGENCE ARE LIABLE

102.      The plaintiffs allege the defendant Honorable Governor Lamont had knowledge or, had he

Diligently exercised her duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continue to

present to be committed.  By Defendants Dicine and Palumbo. Honorable Governor Lamont had power

to prevent the commission of said wrongs, could have done so by reasonable diligence, and knowingly,

recklessly or with gross negligence refused to do so.

## CLAIM 56
### NEGLIGENCE ARE LIABLE

103.      The plaintiffs allege the defendant Abrams had knowledge or, had he Diligently exercised their

duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge

that the wrongs conspired to be done, as heretofore alleged was ongoing to present to be committed.

By Defendant Cerillo. Judge Abrams is the Administrator Judge and Judge had power to prevent the

commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or

with gross negligence refused to do so.

(54)

## CLAIM 57
### NEGLIGENCE ARE LIABLE

104.      The plaintiffs allege the defendant Honorable Appellate Judge Bright had knowledge or, had he

Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continuing

to present to be committed. By Defendants Abrams, Zemetis and Cerillo.  Bright had power to prevent

the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly

or with gross negligence refused to do so.

## CLAIM 58
### NEGLIGENCE ARE LIABLE

105.      The plaintiffs allege the defendant Honorable Supreme Judge Robinson had knowledge or, had

he Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continuing

to present to be committed.  By Defendants Bright, Abrams, Zemetis and Cerillo.  Robinson had power

to prevent the commission of said wrongs, could have done so by reasonable diligence, and knowingly,

recklessly or with gross negligence refused to do so.

## CLAIM 59
### NEGLIGENCE ARE LIABLE

106.      The plaintiffs allege the defendant Governor Rell had knowledge or, had he Diligently exercised

their duties to instruct, supervise, control and discipline on a continuing basis, should have had

knowledge that the wrongs conspired to be done, as heretofore alleged is continuing to present to be

committed. By Defendants Dicine, Palumbo, Abrams, Zemetis Governor Rell had power to prevent the

commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or

with gross negligence refused to do so.

## CLAIM 60
### NEGLIGENCE ARE LIABLE

107.      The plaintiffs allege the defendant Honorable Governor Malloy had knowledge or, had he

Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continue to

present to be committed.   Defendants Robinson, Bright, Abrams, Zemetis, Cerillo, S FIX Dicine and

Palumbo.  Honorable Governor Malloy had power to prevent the commission of said wrongs, could

have done so by reasonable diligence, and knowingly, recklessly or with gross negligence refused to do

so.  Defendants violated plaintiffs' rights protected by the 4th, 5th and 14th Amendments to the United

States Constitution.

### CLAIM 61
### NEGLIGENCE ARE LIABLE

108.        The plaintiffs allege the defendant Honorable Governor Lamont had knowledge or, had he

Diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis,

should have had knowledge that the wrongs conspired to be done, as heretofore alleged is continuing

to present to be committed.  By Defendants Robinson, Bright, Abrams, Zemetis, Cerillo, S FIX Dicine

and Palumbo. Governor Lamont had power to prevent the commission of said wrongs, could have

done so by reasonable diligence, and knowingly, recklessly or with gross negligence refused to do so.

### CLAIM 62
### NEGLIGENCE ARE LIABLE

 The Plaintiffs allege all the defendants were acting in concert at all times and were acting under the

color of law at all times relevant to this complaint.

### CLAIM 63
### NEGLIGENCE ARE LIABLE

109.        The plaintiffs allege the defendant Samuels had knowledge or, had she Diligently exercised their

duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge

that the wrongs conspired to be done, as heretofore alleged is continuing to present to be committed.

Defendant had power to prevent the commission of said wrongs, could have done so by reasonable

diligence, and knowingly, recklessly or with willful gross negligence refused to do so.



**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for the following relief:

(a) Judgment entered in favor of Plaintiffs and against Defendants on All Counts of plaintiff's complaint

and an award of compensatory damages of not less than $300,000,000:

(b) Judgment entered in favor of Plaintiffs and against Defendants on All Counts of this Complaint and

an award of punitive damages of not less than $500,000,000:

(c) An award of pre-judgment interest, attorney fees, costs and post-judgment interest in favor of

Plaintiffs and against Defendants; and

(d) Such further and other legal and equitable relief as the Court may deem just and necessary under

the circumstances.

DATED this 6th day of March, 2023 at New Haven, Connecticut.

By: _____

Plaintiff Kwame Nkrumah Pro Se
8 Oberlin Road
Hamden, CT 06514

By: _____

Plaintiff Shannon Nkrumah Pro Se
8 Oberlin Road
Hamden, CT 06514

By: _____

Plaintiff Lula Woodson Pro Se
8 Oberlin Road
Hamden, CT 06514

By: _____

Plaintiff Carolyn Woodson Pro Se
435 Santa Monica
San Leandro, CA 94579

By: _____

Plaintiff Cheryl Noldon Pro Se
435 Santa Monica
San Leandro, CA 94579